JS-6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOREEN PFEIFFER, *et al.*, on behalf of themselves and all other persons similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>RADNET, INC., a Delaware corporation,<br><br>     Defendant. | CASE NO. 2:20-cv-09553 (RGK)(SK)<br>Consolidated with<br>2:20-cv-10180 (RGK) (SK)<br>2:20-cv-10328 (RGK) (SK)<br><br>[PROPOSED] **FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Judge:     Hon. R. Gary Klausner<br>Date:      Feb. 7, 2022<br>Time:     9:00 am<br>Courtroom: 850, 8ᵗʰ Floor |

On August 18, 2021, the Court entered an order granting preliminary approval (the "Preliminary Approval Order" (ECF No. 63)) to the June 23, 2021 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Noreen Pfeiffer, Jose Contreras, Susan Wright, Annabelle Gonzales, Donna Horowitz, Kelly Lancaster, and Debra Palmer, individually and on behalf of the Settlement Class (as defined below), and Defendant RadNet, Inc.[1]

Commencing on July 19, 2021, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, American Legal Claim Services, LLC (the "Claims Administrator"), provided Notice to Settlement Class Members in compliance with Section IX of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a)   fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

(b)   advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c)   provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d)   provided the time, date, and place of the Final Approval Hearing.

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

1

On February 7, 2022, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice.  The Court reviewed (a) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Reimbursement of Costs and Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections.  The Court also considered the oral argument of counsel and any objectors who appeared.  Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1.      The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2.      The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties.  Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3.      The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund.  All Settlement Class Members who have not excluded

themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4.      The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms.  The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5.      No objections to the Settlement were submitted by Settlement Class Members.  All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6.      Four persons made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members").  The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7.      Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

    The 22,970 individuals residing in the United States of America who were identified for notification by RadNet that their personal information was or may have been implicated in the Security Incident.

8.      The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b).  Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

3

9.      The Court grants final approval to the appointment of Representative Plaintiffs Noreen Pfeiffer, Susan Wright, Jose Contreras, Kelly Lancaster, Annabelle Gonzales, Donna Horowitz, and Debra Palmer as the class representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10.      The Court grants final approval to the appointment of the law firms of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP; Morgan & Morgan; Federman & Sherwood; and Clayeo C. Arnold, A Professional Law Corporation as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

### NOTICE TO THE CLASS

11.      The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

12.      The Court awards Class Counsel $ 650,000 in fees and reimbursement of $ 49,489.39 in costs and expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 94 of the Settlement Agreement.

13.      The Court awards Service Awards of $ 1,500 to Ms. Pfeiffer; $ 1,500 to Ms. Wright; $ 1,500 to Mr. Contreras; $ 1,500 to Ms. Lancaster; $ 1,500 to Ms.

4

Gonzales; $ **1,500** to Ms. Horowitz and $ **1,500** to Ms. Palmer.  The Court finds these amounts are justified by their service to the Settlement Class.  Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 92 of the Settlement Agreement.

## RELEASE

14.     Each Settlement Class Member, including Representative Plaintiffs, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Parties from any and all of the Released Claims (including Unknown Claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Paragraphs 33 and 88-91 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").  In addition, Representative Plaintiffs and Settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

15.     The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds Representative Plaintiffs and all Settlement Class Members who did not properly request exclusion.  The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## OTHER PROVISIONS

16.     The Settlement Fund, consisting of two million six hundred thousand dollars ($2,600,000.00), shall be used to pay all costs of the settlement, including all Awards and payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees, Costs and Expenses Award to Class Counsel, and the Representative Plaintiffs' Service Awards.

17.     If any money remains in the Settlement Fund after the calculation of all Settlement Payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees, Costs and Expenses Award to Class Counsel, and the Representative Plaintiffs' Service Awards, the value of all payments for monetary compensation will be proportionally increased on a *pro rata* basis, pursuant to Paragraph 70(c) of the Settlement Agreement.  Any such increase in monetary compensation is subject to the $15,000.00 individual aggregate cap, as provided in Paragraph 69 of the Settlement Agreement.

18.     If any monies remain in the Net Settlement Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a Non-Profit Residual Recipient, pursuant to Paragraph 66 of the Settlement Agreement.

19.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

20. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

21. Consistent with Paragraphs 85-87 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of its provisions, will be vacated, including, but not limited to the Attorneys' Fees, Costs and Expenses Award and the Representative Plaintiffs' Service Awards, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

22. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

1    23.    The Court hereby dismisses the Action in its entirety with prejudice, and

2    without fees or costs except as otherwise provided for herein.

3         NOW, THEREFORE, the Court hereby enters judgment in this matter

4    pursuant to rule 58 of the Federal Rules of Civil Procedure.

5         **IT IS SO ORDERED.**

6    DATED: ___2/22/2022___

7                                              _____
                                              HON. R. GARY KLAUSNER
8                                              UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 2:20-CV-09553 (RGK)(SK)
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT